UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **JOSEPH PIARD,** <br> Plaintiff | ) ) ) ) |  |
| v. | ) ) ) | Civil No. 23-40165-DHH |
| **ERICA ARSENAULT, Correctional Officer,** <br> Defendant. | ) ) ) ) ) |  |

## REPORT AND RECOMMENDATION
### January 30, 2024

**Hennessy, M.J.**

For the reasons set forth below, the undersigned RECOMMENDS the Complaint be DISMISSED for failure to state a claim upon which relief can be granted.

### I.     Factual Background

On November 24, 2023, *pro se* plaintiff Joseph Piard, an inmate in custody at the North Central Correction Institution at Gardner ("NCCI Gardner"), filed a complaint against NCCI Gardner correctional officer Erica Arsenault in her official capacity.  *See* Dkt. No. 1.

Plaintiff's claim is based on a disciplinary report filed by Defendant on June 14, 2023. *See id.*, Ex. 1.  In the report, Defendant alleges that Plaintiff refused her direct orders by not placing his movement card on the accountability board before moving to the recreation yard.  *Id.*, Ex. 1 at p. 1.  Defendant also alleged that Plaintiff used "obscene, abusive or insolent" language or gestures and his conduct disrupted the normal operations of the facility, although these offenses were dismissed.  *Id.*  For refusing a direct order, Plaintiff was sanctioned with loss of yard time.  *Id.*

A disciplinary hearing was held on July 26, 2023. *Id.*, Ex. 1 at p. 3. At the hearing, Plaintiff claimed that he put his movement card on the accountability board and Defendant did not address him at the relevant time. *Id.* Defendant claimed that this type of conduct is a continuing issue for Plaintiff and he has received warnings in the past. *Id.* Defendant further claimed that she specifically watched Plaintiff that day, and he did not put his card on the board. *Id.* Defendant also claimed that when she addressed Plaintiff, he responded that "he doesn't care about any [repercussions] because he is getting out." *Id.*, Ex. 1 at p. 4. The Hearing Officer credited Defendant's recollection and found that, more likely than not, Plaintiff refused a direct order from Defendant. *Id.* Plaintiff appealed the Hearing Officer's decision, but the NCCI Gardner Superintendent agreed with the Hearing Officer. *Id.*, Ex. 1 at p. 5. Plaintiff requested review by the Commissioner, but was denied, thereby exhausting the disciplinary process. *Id.*, Ex. 1 at p. 6.

Plaintiff then brought an action for defamation against Defendant before this Court. *Id.*, Ex 1. Plaintiff alleges that, at the time of the incident, he was walking to the recreation yard with another inmate who placed Plaintiff's card on the board for him as the other inmate was closer. *Id.*, Ex. 1 at p. 7. Plaintiff also alleges that Defendant was talking with another officer, and hence Defendant could not have seen the accountability board or talked to him. *Id.* Plaintiff claims that, because he was found guilty of this offense, he was not able to get a job for six months and was unable to earn jail credit. *Id.* Plaintiff requests that his disciplinary record be sealed and that he be granted unearned jail credit from June through the present. *Id.*, Ex. 1 at p. 8.

On November 28, 2023, the Court entered a Procedural Order stating that Plaintiff must file an application to proceed *in forma pauperis* accompanied by a copy of his prison account

statement to continue with this action. *See* Dkt. No. 3. The Procedural Order explained that unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee—even if the action is dismissed after preliminary screening, Plaintiff remains obligated to make payments towards the filing fee. *Id.*

On December 20, 2023, plaintiff filed an application to proceed *in forma pauperis* accompanied by a copy of his prison account statement. *See* Dkt. Nos. 4, 5.

## II.     Discussion

When a prisoner-plaintiff seeks to file a complaint without prepayment of the filing fee, the Court reviews the complaint to determine if it satisfies the requirements of 28 U.S.C. § 1915A. Section 1915A authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). *Pro se* pleadings are construed generously during preliminary screening. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. New Eng. Sch. Law*, 389 F.3d 5, 13 (1st Cir. 2004).

Even under a liberal construction, the Complaint should be dismissed as it fails to state a claim upon which relief may be granted. To establish that Plaintiff's due process rights were violated, Plaintiff must demonstrate that he has suffered a deprivation of a protected interest in life, liberty, or property. *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (inmate is entitled to due process protections only when an existing liberty or property interest is at stake). A liberty interest is infringed only if the punishment inflicted on the inmate imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Generally, an "inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Willey v. Kirkpatrick*, 801 F.3d 51,

63 (2d Cir. 2015) (internal quotation marks and citation omitted).  If prisoners are afforded requisite process at a disciplinary hearing, they cannot sustain constitutional claims under 42 U.S.C. § 1983 for allegations of false, improper, or erroneous disciplinary charges filed by prison officials.  *See, e.g.*, *Orwat v. Maloney*, 360 F. Supp. 2d 146, 157, 162 (D. Mass. 2005).

The Court cannot reasonably infer that Plaintiff was deprived of a liberty interest because of Defendant's statements.  Plaintiff would only have a liberty interest in avoiding any punishment that "impose[d] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.  Here, Plaintiff merely lost yard time and was denied the opportunity to work in prison, which resulted in Plaintiff's inability to earn good time credits under Mass. Gen. Laws ch. 127, § 129D.  This does not rise to the level of atypical or significant hardship required to find a deprivation of liberty.  *See id.* at 485-86 (holding that no liberty interest was implicated by the placement of inmate in segregation for thirty days and no process was due prior to segregation); *see also Beamon v. Pollard*, 711 F. App'x 794, 795 (7th Cir. 2018) (no Fourteenth Amendment violation by 135 days in segregation absent any atypical conditions related to confinement).  Because Plaintiff cannot allege that he was deprived of an actionable liberty interest, no process is due to Plaintiff beyond the disciplinary procedure of which he has taken full advantage.

To the extent that Plaintiff is challenging the process afforded to him at the disciplinary hearing, the Complaint similarly fails to state a claim upon which relief could be granted.  A prisoner can challenge the sufficiency of process afforded at the disciplinary hearing, but a court's review of such a challenge is "limited to whether [due process] minimum protections [are] met, and whether the written record provided by the fact finder presents some evidence to support the findings."  *Cuevas v. DiPaulo*, No. 11-cv-10869, 2011 WL 2118268, at *5 (D. Mass.

May 23, 2011) (quoting *Orwat*, 360 F. Supp. 2d at 163).  The written record produced by the Hearing Officer after Plaintiff's disciplinary hearing provided ample evidence to support finding that Plaintiff had failed to comply with Defendant's direct order.  Plaintiff was thus afforded minimum due process protections at the disciplinary hearing.  The Complaint thus fails to demonstrate an unconstitutional denial of due process and is subject to dismissal.[1]

---

[1] Where a prisoner challenges the result of an individual disciplinary proceeding, Massachusetts law provides that the only proper mode of review is an action in the nature of certiorari under Mass. Gen. Laws ch. 249 § 4.  Judicial review is limited to an assessment of whether "the record as a whole . . . contains substantial evidence to support the prison disciplinary board's decisions." *Shabazz v. Cole*, 69 F. Supp. 2d 210, 218-19 (D. Mass. 1999) (internal quotation marks and citation omitted).  Evidence is considered "substantial" if "a reasonable mind might accept [it] as adequate to support [the] conclusion." *Id.* at 218 (internal quotation mark and citation omitted).  The purpose of Mass. Gen. Laws ch. 249 § 4 "is to provide a remedy, where none would otherwise exist, if necessary to avoid manifest injustice." *Drayton v. Comm'r of Corr.*, 52 Mass. App. Ct. 135, 140 (2001) (internal quotation mark and citation omitted).  The remedy available under Chapter 249, if errors resulting in a manifest injustice or irreparable harm were found, would be a new disciplinary hearing.  *See Real v. Superintendent, Mass. Corr. Inst., Walpole*, 390 Mass. 399, 408 (1983).  A new disciplinary hearing is not warranted in this case, as no such manifest injustice or irreparable harm occurred here.  A reasonable mind could accept the Hearing Officer's conclusion (that Defendant's statements were credible) as adequate to support finding Plaintiff guilty of the offense.  *See* Dkt. No. 1, Ex. 1 at p. 4.

**III.    Conclusion**

In accordance with the foregoing, the undersigned RECOMMENDS that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.  Should the Court adopt the undersigned's recommendation, the undersigned further RECOMMENDS that the motion to proceed *in forma pauperis* be dismissed as moot.[2]

       /s/ David H. Hennessy
DAVID H. HENNESSY
United States Magistrate Judge

---

[2] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections.  The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  *See, e.g., M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).